# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES J HICKMAN, PH.D.;

> Plaintiff,

> v.

Case No.: 6:25-cv-02095-PGB-LHP

UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,

> Defendant,

---

### ORDER

Before the Court is the parties' Joint Motion for Entry of a 502(d) Order, by which the parties seek entry of an Order pursuant to Federal Rule of Evidence 502(d).  Doc. No. 17.

Federal Rule of Evidence 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."  Fed. R. Evid. 502(d).  As the Rule makes clear, the decision on whether to enter an order pursuant to Rule 502(d) is discretionary.  *Id.*  However, "[f]ederal courts, including those in Florida, routinely enter such orders upon request of the parties."  *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases).

Upon review of the proposed order submitted by the parties, *see* Doc. No. 17-1, the Court finds the request well taken.  Accordingly, the Motion (Doc. No. 17) is **GRANTED**, and it is **ORDERED** as follows:

1. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence, and shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

2. The disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including

metadata), within the parameters previously agreed upon by the Parties, for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record